No. 39738.—Protests 913781–G, etc., of Union Supply Co. (Honolulu).

Tilson, Judge: These two suits were filed by the plaintiff seeking to recover certain sums of money claimed to have been illegally exacted as customs duties on imported merchandise. Duty was levied on the merchandise at 90 percent under paragraph 1529 of the Tariff Act of 1930 as braids made on a braiding machine. Plaintiff claims the same to be properly dutiable at 30 percent ad valorem under paragraph 912 of said act, as boot, shoe, or corset lacings, wholly or in chief value of cotton or other vegetable fiber.

The examiner testified that these shoe laces were composed in chief value of cotton. While this witness was not as well qualified as he might have been to give such testimony, we feel that for the purposes of this case we might accept the merchandise as being composed in chief value of cotton.

Counsel for the defendant, in his brief filed herein, contends that the question involved in this case was decided by this court in the case of *New York Merchandise Co.* v. *United States*, T. D. 49171, and counsel for the plaintiff, in his brief filed herein, makes the following statement:

In a sense these protests may be construed as a relitigation of the issue involved in New York Merchandise Co. *v.* U. S., T. D. 49171, but it is proposed to present consideration which were not there advanced, or at least which were not stated by the court.

464

Counsel for the plaintiff also insists that it is proper for this court to resort to the legislative history of paragraph 1529 and proceeds to quote rather copiously therefrom. A consideration of these quotations serves to confirm our views in the *New York Merchandise* case, *supra*, that it was not necessary to resort to the legislative history in construing said paragraph 1529, so far as that case was concerned. At the time the Congress enacted said paragraph 1529 it had before it ample evidence to establish that some boot, shoe, and corset lacings were braided or made on a braiding machine and that others were not so made. The following, taken from plaintiff's brief, confirms this view:

Boot, shoe, and corset lacings are *usually* braided, but may be in round, flat, or tubular form.

Boot, shoe, and corset lacings may be round, flat, or tubular and are *generally* produced on braiding machines.

With such information before it at the time it enacted said paragraph 1529, the Congress, nevertheless, failed and refused to include said paragraph 912 among the specific exceptions to said paragraph 1529 therein set out. The effect of our holding these shoe laces dutiable under said paragraph 912 would be for us to write an exception to said paragraph 1529 which the Congress failed to make.

We have carefully considered this case in the light of the additional argument made and find nothing which we feel would warrant us in departing from the principles set out in our decision in the case on *New York Merchandise Co., supra.* All the claims in these two suits are therefore overruled. Judgment will be rendered accordingly.